

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. D. Looney
County Auditor
Bowie County
Boston, Texas

Dear Sir:

Opinion No. O-3146
Re: Should the county auditor
approve the claim for the
extra raise in the salary
of the county judge's
stenographer under the
facts submitted.

That portion of your letter of February 8th, requesting an opinion of this department, and material to your request, reads as follows:

"* * * For the past two years the County Judge has a Stenographer at $40.00 and said stenographer receive $20.00 per month from sheriff department as office deputy, making a total of $60.00 per month. In the 1941 budget her salary still calls for $60.00 per month, and at a special meeting in January the Commissioners' court passed an order, raising her salary from $60.00 to $85.00 per month. The Salary fund and General fund is on a deficiency basis.

"The County Judge Salary for 1940 was $3246.12 Stenographer salary $480.00 and an extra Steno for two weeks $20.00 and other expense of office $271.06 making a total of $4018.18 and the income for office for 1940 $419.21. * * *"

Based upon the above facts, you wish to be advised whether or not you would be in the right to approve such claim for the extra raise asked for in the order.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable J. D. Looney, page 2

We have determined Bowie County's population according to the 1940 Federal Census to be 50,244 inhabitants. Section 13 (a), Article 3912e, Vernon's Annotated Civil Statutes, applicable to counties with population of 20,000 inhabitants or more, and less than 190,000 inhabitants, vests authority in the commissioners' court to authorize the employment of a stenographer for the county judge and pay for such services out of the general fund of the county to an amount not to exceed Twelve Hundred ($1200.00) Dollars per year.

In answering your question, it is necessary to consider certain portions of the budget law adopted by the 42nd legislature, Acts of 1931, incorporated in Vernon's Annotated Civil Statutes as Article 689a-1-20.

Article 689a-11 of said Statutes, in part provides:

"When the budget has been finally approved by the commissioners' court, the budget as approved by the court shall be filed with the clerk of the county court, and taxes levied only in accordance therewith, and no expenditure of the funds of the county shall thereafter be made except in strict compliance with the budget as adopted by the court. Except that emergency expenditures, in case of grave public necessity, to meet unusual and unforeseen conditions which could not, by reasonably diligent thought and attention, have been included in the original budget, may from time to time be authorized as amendments to the original budget. In all cases where such amendments to the original budget is made, a copy of the order of the court amending the budget shall be filed with the clerk of the county court, and attached to the budget originally adopted."

The only way the county budget may be amended after its adoption is in strict compliance with the above statutory provision. This department has consistently ruled that whether a situation is one which can be classified as an emergency under the budget law so as to permit the commissioners' court to amend the budget, is a question of fact primarily to be passed upon by the commissioners' court. See Opinion O-07, O-1022 and O-1728, Annual Opinion Reports of the Attorney General for 1939, pages 2, 274 and 455, respectively.

Honorable J. D. Looney, page 3

The quoted statutory provision provides that no expenditure of the funds of the county shall be made after the budget is finally approved and filed with the clerk except in strict compliance with the adopted budget. An exception to the foregoing is made, however, as to "emergency expenditures."

In your letter of request, no amendment of the budget is shown to have been made to meet any supposed emergency necessary to take care of the proposed increased expenditure as shown by the order raising the stenographer's salary. Until such amendment is made, no question of "emergency expenditures," as defined in the statute and necessary to exist in order to support an amendment, is raised.

It is therefore the opinion of this department that a county auditor has no authority to approve a claim for an expenditure of county funds outside of and beyond that fixed in the adopted budget except those under "emergency expenditures" authorized as amendments to the original budget in compliance with Article 689a-11, Vernon's Annotated Civil Statutes.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  William J. R. King
Assistant

WJRK:EP